STEELE, LLP
Edgar C. Smith, Esq., Bar No.: 5506
3571 Red Rock Street
Las Vegas, NV 89103
Phone (949) 222-1161
Facsimile: (949) 221-9500
Email: esmith@steelellp.com
Attorney for creditor *Cecelia Long*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>DOUGLAS EDWARD KRONER,<br>Debtor(s)<br><br>CECELIA LONG; an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS EDWARD KRONER; an individual,<br><br>Defendant. | Adv. No.:______________________<br><br>Case No.: 26-14609-hlb<br>Chapter 7<br><br>**COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT** |

The plaintiff in this action, Ceclia Long ("Plaintiff"), by and through her counsel of record, Edgar C. Smith, Esq., of STEELE, LLP, and pursuant to the provisions of 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and 11 USC 1328(a)(2) and Rule7001(f) of the Federal Rules of Bankruptcy Procedure, brings this Complaint against Douglas Edward Kroner ("Debtor"). In support of her Complaint against Defendant DOUGLAS EDWARD KRONER, an individual, ("Debtor") and Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I), which covers determinations of the dischargeability of particular debts.

3. Venue is proper in this District under 28 U.S.C. § 1409.

4. Plaintiff brings this adversary proceeding under Part VII of the Federal Rules of Bankruptcy Procedure. Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

**PARTIES**

5. Plaintiff is over the age of 70 years, and is a resident of Pahrump, Nevada.

6. Debtor is an individual believed to be currently residing in North Las Vegas, Nevada.

7. On February 23, 2024, Plaintiff filed a complaint in the Fifth Judicial District Court in Nye County against the Debtor, alleging claims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Restitution, Elder Abuse, Fraud in the Inducement, Claim and Delivery, and Conversion, with a request for a Constructive Trust over a 2020 Grand Design 5th Wheel Travel Trailer, M-315RLTS ("Travel Trailer"). Plaintiff sought restitution, damages, punitive damages, and/or recovery of the Travel Trailer. The lawsuit, titled *Cecelia Long vs. Michael Alan Kroner and Douglas Kroner*, was assigned case number CV24-0110 ("the Civil Action.").

8. On April 20, 2026, an *Order on Motion Granting Plaintiff's Summary Adjudication of Claims for Breach of the Implied Covenant of Good Faith and Fair Dealing* was entered in the Civil Action. A true copy of that order is attached as **Exhibit 1**.

9. On July 22, 2026, the Debtor filed for protections under chapter 7 of 11 U.S.C. § 101, et seq. ("Bankruptcy Code"). [ECF Doc 1].

10. Debtor filed incomplete schedules and failed to list Plaintiff as a creditor of the Estate in his schedules.

11. The Travel Trailer is not the Debtor's residence, despite testimony to the Trustee that he resided there. Debtor filed a motion to change venue in the Civil Action, claiming it was inconvenient to travel to Pahrump, Nevada from his home in North Las Vegas to defend the suit. A true copy of it is attached as **Exhibit 2**.

12. The deadline set by the Court to file a complaint objecting to the dischargeability

of debts is October 26, 2026, and Plaintiff timely files this Complaint.

## DEBTOR OBTAINED PLAINTIFF'S MONEY THROUGH FALSE REPRESENTATIONS AND FALSE PROMISES

13. In February or March of 2023 Debtor approached Plaintiff and asked her about her willingness to sell the Travel Trailer. Debtor was dating Plaintiff's daughter at the time, and Plaintiff's daughter told Debtor that Plaintiff could not continue to occupy the Travel Trailer as her residence because she could not easily navigate the entrance and exit to the Travel Trailer.

14. On or about March 11, 2023, Debtor and his father, Douglas Kroner presented to Plaintiff a written proposal entitled, "Letter of Intent to Purchase" to Plaintiff. The proposal was signed by the Plaintiff and both Kroners and became the parties' contract. A true copy of it is attached as **Exhibit 3**.

15. At or about that time, Debtor conspired with his son, Michael Kroner, to embezzle the title and take possession of the Travel Trailer, without expending any money out of pocket. Debtor had viewed the Travel Trailer inside and out, and decided it would become his "residence."

16. Recognizing that Plaintiff was a senior citizen and had no one to advise her on how to protect her rights, pending payment, the Kroners met Plaintiff at a notary, and then and there requested that the Plaintiff sign over the title to the Kroners.

17. Debtor and his son told Plaintiff that they had a loan in the amount of $36,000.00 and that the title would have to be encumbered with a lien in favor of the lender, but that the loan proceeds would be paid to Plaintiff for the purchase price.

18. Based on those express oral representations by Debtor and his son, and because Plaintiff was told they were retired firefighters, and because of the general goodwill afforded first responders, Plaintiff did as requested. Debtor assured Plaintiff the loan would soon be funded, and so Plaintiff also surrendered the keys to the Travel Trailer to Debtor and his son.

19. Plaintiff was never paid the whole or any part of the $36,000 agreed-upon selling price.

20. Debtor did not obtain a loan, and on information and belief, never sought a loan.

He could not obtain financing through any commercial lending institution. Debtor therefore knew the representations he made to the Plaintiff were untrue, and there was no reasonable prospect for success in obtaining financing from anyone who knew his past.

21. Unbeknownst to Plaintiff, there was no pending loan, or even a loan application and no lender even inspected the Travel Trailer. Debtor and his son immediately transferred title to both of them, and Douglas Kroner has occupied the Travel Trailer intermittently since then.

22. After waiting a reasonable time, and not having heard from any lender, Plaintiff called the Debtor and his son to inquire about payment. Each gave Plaintiff vague responses about getting the loan, but could not, or would not, identify the lender who was going to make the loan, or when the loan would be funded. Debtor further threatened Plaintiff that if she "kept bugging him," she would never see the money, confirming that the debt was due, owing and unpaid.

23. Debtor's representations were false when made. In fact, there was no loan, no loan application, and neither Debtor nor his son could obtain a loan, based upon the Debtor's lack of income or savings, and his lack of gainful employment from which the loan could be repaid.

24. Debtor never made any attempt to offer payments in installments, or return to Plaintiff her title. Debtor had no intention of paying Plaintiff any portion of the agreed-upon purchase price. Debtor's son broke off his relationship with Plaintiff's daughter when pressed about the non-payment.

25. Debtor knew the representations were false when Debtor made them, or made them with reckless disregard for their truth.

26. Debtor made the representations intending that Plaintiff rely on them.

27. Plaintiff justifiably relied on Debtor's representations, because of their claimed status of retired fire fighters, and because Debtor withheld the truth of the alleged loan.

28. Relying on those representations, Plaintiff transferred title to the Travel Trailer to Debtor on or about March 24, 2023.

29. Debtor never paid, performed, or returned the title. Plaintiff demanded repayment in writing on January 31, 2024, and Debtor ignored the demand. A true copy of it is attached as

**Exhibit 4**.

30. As a direct result of Debtor's conduct, Plaintiff has suffered damages of not less than $36,000.00, plus interest, costs of suit and consequential damages, and attorney's fees as allowed by statute.

**FIRST CLAIM FOR RELIEF**

**The debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false representation, or actual fraud**

31. Plaintiff incorporates paragraphs 1 through 30 of the Complaint as though fully set forth here.

32. Debtor obtained money, property, services, or credit from Plaintiff through false pretenses, a false representation, or actual fraud, other than a statement about Debtor's or an insider's financial condition.

33. The debt Debtor owes Plaintiff arises from that fraud and is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

**SECOND CLAIM FOR RELIEF**

**The debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false representation, or actual fraud**

34. Plaintiff incorporates paragraphs 1 through 30 of the Complaint as though fully set forth here.

35. Debtor embezzled or committed larceny by fraudulently appropriating Plaintiff's property, which Debtor unlawfully took, for Debtor's own use.

36. The debt is excepted from discharge under 11 U.S.C. § 523(a)(4).

**THIRD CLAIM FOR RELIEF**

**The debt is nondischargeable under 11 U.S.C. § 523(a) )(6) for willful and malicious injury**

37. Plaintiff incorporates paragraphs 1 through 30 of the Complaint as though fully set forth here.

38. Debtor willfully and maliciously injured Plaintiff or Plaintiff's property by deceiving Plaintiff as to the manner and method of payment.

39. Debtor intended the injury, or knew the injury was substantially certain to result, and acted without just cause or excuse.

40. The debt is excepted from discharge under 11 U.S.C. § 523(a)(6).

**PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment in Plaintiff's favor and against Debtor that:

1. Determines that the debt Debtor owes Plaintiff is excepted from discharge under 11 U.S.C. § 523(a)(2)(A)[, (a)(4), and (a)(6)].

2. Awards Plaintiff a money judgment against Debtor for $36,000 plus pre- and post-judgment interest.

3. Awards Plaintiff in the alternative, a decree setting aside the transfer of title to the Travel Trailer, and possession of the Travel Trailer.

4. Awards Plaintiff costs and attorney's fees as permitted by law or contract.

5. Grants Plaintiff any further relief the Court finds just.

DATED: October 26, 2026

Respectfully submitted,

STEELE, LLP

By: *_/s/ Edgar C. Smith, Esq._*
Edgar C. Smith, Esq.
Counsel for creditor *Cecelia Long*