# EXHIBIT 1

STEELE, LLP
Edgar C. Smith, Esq., Bar No.: 5506
3571 Red Rock Street
Las Vegas, NV 89103
Phone (949) 222-1161
Facsimile: (949) 221-9500
Email: esmith@steelellp.com
Attorney for Plaintiff *Cecelia Long*

FILED
FIFTH JUDICIAL DISTRICT
APR 20 2026
Deputy

**FIFTH JUDICIAL DISTRCIT COURT**

**NYE COUNTY, NEVADA**

| | |
|---|---|
| CECELIA LONG,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS KRONER, an individual; MICHAEL ALAN KRONER, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants | Case No.: CV24-0110<br>Dept. No.: 2<br><br>ORDER ON MOTION GRANTING PLAINTIFF SUMMARY ADJUDICATION OF CLAIMS FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |

The Motion for Summary Judgment, or in the Alternative, Summary Adjudication of Issues brought by Plaintiff Cecelia Long ("Plaintiff"), through her counsel of record, Edgar C. Smith, Esq., of STEELE, LLP came on for regularly scheduled hearing on April 6, 2026 at 9:30 a.m. Plaintiff and her counsel were present in court. Defendant MICHAEL ALAN KRONER, an individual, appeared *pro se*. There was no appearance by or for Douglas Kroner.

**FINDINGS OF FACT**

After listening to the arguments of the parties, and having duly considered the Plaintiff's Motion, and there being no written Opposition thereto, the Court makes the following findings:

1. The parties entered into a contract in March 2020 for the Plaintiff to sell and Defendants to purchase a 2020 38-foot Grand Design Travel Trailer; Serial No. 573TR3828, and VIN #L3325792 ("Travel Trailer").
2. Defendants are father (Douglas Kroner) and son (Michael Alan Kroner).
3. Plaintiff purchased the Travel Trailer new for $58,000. She lived there 3 years. Health issues led Plaintiff to offer the Travel Trailer for sale. Defendant Michael Alan

Kroner approached Plaintiff and told her the Travel Trailer would be perfect for his father and mother.

4. On March 11, 2023, Defendants presented an offer in writing to purchase the Travel Trailer. *See* Plaintiff's Exhibit 1. The parties negotiated, and settled on a selling price of $36,000.00. The parties agreed that the Defendants would tender a downpayment of $8,220.00 to Plaintiff, and then make monthly payments of approximately $300.00 until paid in full.
5. Defendants later admitted they did not have the downpayment, but represented to Plaintiff they would get a secured loan with the Travel Trailer as collateral and pay her the selling price.
6. Plaintiff gave title to the Travel Trailer on or about March 23, 2023 to both Defendants, along with possession of the trailer. *See* Plaintiff's Exhibit 2.
7. The purchase price remains unpaid as of this date.
8. On January 31, 2024, Plaintiff's counsel made written demand on both defendants for return of the Travel Trailer or payment in full. (Exhibit 3). Plaintiff testified that the Defendants did not respond to the demand.
9. As far as Plaintiff is aware, Defendants continue to reside in, or have possession of, the Travel Trailer.

**CONCLUSIONS OF LAW**

Summary judgment is appropriate when "after a review of the record viewed in a light most favorable to the nonmoving party, there remains no issues of material fact." *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1385 (1998), *citing Butler v. Bogdanovich*, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985); NRCP 56. The non-moving party is not, however, "entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture." *Id., quoting Collins v. Union Fed. Savings & Loan*, 99 Nev. 284, 302, 662 P.2d 610, 621 (1983).

In opposing summary judgment under NRCP 56, "the non-moving party may not rest upon general allegations and conclusions, but must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine factual issue." *Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1030-31 (2005), *quoting Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 713, 57 P.3d 82, 87 (2002). A factual dispute is only genuine if the evidence is such that a

rational trier of fact could return a verdict for the non-moving party. *Id.* The non-moving party bears the burden to show more than some metaphysical doubt as to the operative facts in order to avoid summary judgment. *Id.*, 121 Nev. at 732, 121 P.3d at 1031.Further, "[w]here an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper." *Bulbman*, 108 Nev. at 111, 825 P.2d at 592. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 447, 956 P.2d 1382, 1386 (1998).

"A breach of contract claim exists where the parties entered into valid and existing contract, the defendant breached the terms of the contract, and the plaintiff sustained damages as a result. See. e.g., *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 24 135, 734 P .2d 1238, 1240 (1987*)*. This is a simple breach of contract case, and it is evident that the Plaintiff performed by giving title and possession of the Travel Traiuler to the Defendants, and Defendants did not pay Plaintiff the agreed-upon selling price. Plaintiff's damages are readily ascertainable because there is no dispute the Plaintiff performed the contract and the Defendants did not. Evidence to support the Plaintiff's claims include the letter of intent, the title to the Travel Trailer which shows Plaintiff was the registered owner and that title changed on March 23, 2023. Defendants are currently on title and in possession of the Travel Trailer. Plaintiff has met the burden of presenting a *prima facie* case of breach of contract.

Defendants are also liable for breach of the implied covenant of good faith and fair dealing. As noted by our Nevada Supreme Court,

> "[w]e said *in Hilton Hotels v. Butch Lewis Productions*, 107 Nev. 226, 808 P .2d 919 ( 1991 ), that 'even though' there was no breach of contract, a plaintiff 'may still be able to recover damages for breach of the implied covenant of good faith and fair dealing.' Id at 232, 808 P .2d at 922. Whether a breach of the letter of the contract exists or not, the implied covenant of good faith is an obligation independent of the consensual contractual covenants. "The covenant of good faith and fair dealing is implied into every commercial contract .... " *Ainsworth v. Combined Insurance Co. of America*, 104 Nev. 587, 592-93 n.1, 763 P.2d 673,676 n.l (1988) (citation omitted). Under the implied covenant, each party must act in a manner that is faithful 'to the purpose of the contract

and the justified expectations of the other party.' *Hilton*, 107 Nev. at 234, 808 P.2d at 923."

*Morris v. Bank of Am. Nev.* (1994) 110 Nev. 1274, 1278, fn. 2 [886 P.2d 454,457], emphasis original. Defendants have breached the implied covenant based on the same facts that support the finding of breach of contract.

ORDERED, Plaintiff is entitled to recover pre-judgment interest under NRS 99.040, subs.1, which provides in part,

"1. When there is no express contract in writing fixing a different rate of interest, interest must be allowed at a rate equal to the prime rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, on January 1 or July 1, as the case may be, immediately preceding the date of the transaction, plus 2 percent, upon all money from the time it becomes due, in the following cases:

(a) Upon contracts, express or implied, other than book accounts."

NRS 99.040, subs. 1(a).

The date of the transaction was March 2023. The prime rate as of March 1, 2023 was 7.50% (Nevada Financial Institutions Division of the Nevada Department of Business and Industry; https://fid.nv.gov/Resources/Fees_and_Prime_Interest_Rate/). Accordingly, interest accrues at 9.5% on $36,000.00 for the period commencing February 2, 2024 (date of Counsel's demand letter to the Defendants, plus three days) and accruing thereafter as adjusted by changes to the prime rate, until entry of judgment.

ORDERED, the Motion for Summary Judgment is granted as to the claim for breach of contract and breach of the implied covenant of good faith and fair dealing.

ORDERED, the Travel Trailer may be sold in satisfaction of the judgment, and the Clerk may issue a writ of execution or possession to permit the Sheriff of Nye County to sell the Travel Trailer at public auction or private sale.

///

///

///

ORDERED, Defendants are enjoined from moving, conveying or selling the Travel Trailer or its fixtures, and shall not damage the Travel Trailer.

IT IS SO ORDERED.

Dated: April 20th 2026

FIFTH JUDICIAL DISTRICT
NYE COUNTY, NEVADA

By: Hon. Robert Lane, Judge Presiding

Submitted by:

By:

Edgar C. Smith, Esq.
Counsel for Plaintiff *Cecelia Long*